# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:10-cr-131-Orl-28GJK

**FRANKLIN JOHNSON**
_____

## ORDER

Defendant Franklin Johnson entered a plea of guilty to Count Three of the Indictment charging him with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1), 922(a)(2), and 924(e)(1). In preparation for sentencing, Mr. Johnson raised objections to 43 of the 108 paragraphs contained in the Presentence Report (PSR). During a protracted sentencing hearing, all but two of the objections were disposed by rulings from the bench. The remaining objections consist of Mr. Johnson's arguments that: (1) because prosecution of two prior offenses were initiated by citations and not arrests, they should not be scored as separate offenses under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.2; and (2) his convictions for Aggravated Assault on a Police Officer and for Principal in Sale/Delivery of Cocaine within 1000 Feet of a Church are not qualifying offenses for designation as an Armed Career Criminal under 18 U.S.C. § 924(e)(1). Having considered the arguments of counsel and the relevant authority provided, Mr. Johnson's objections must be overruled.

A.

Mr. Johnson objects to points for four prior sentences imposed on the same day being included in totaling his criminal history category. It is apparent from the PSR that all four offenses were committed at different times. Mr. Johnson was arrested on June 6, 1999, for Driving While License Suspended. On October 19, 1999, he was issued a citation for Unlawful Possession of Controlled Substance, and on October 25, 1999, he was issued another citation for Driving While License Suspended. Finally, on December 19, 1999, Mr. Johnson was arrested for Driving Under the Influence. Mr. Johnson was sentenced for all four of these offenses on June 26, 2000. As a result of the first offense of Driving With Suspended License, he was sentenced to one year of probation. For the other three offenses, he was sentenced to 60 days in jail.

When a defendant has multiple prior sentences imposed the same day, it is necessary to determine whether each offense should be scored separately. In making this determination, courts are instructed by U.S.S.G. § 4A1.2, which provides: "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." If a defendant has previously been sentenced on the same day for multiple offenses, but there had been no intervening arrest, the offenses shall be counted as a single prior sentence. Id.

The issue is whether in applying U.S.S.G. § 4A1.2 the citations issued by law enforcement officers for the second and third offenses should be counted as intervening arrests—and therefore separate offenses—in calculating Mr. Johnson's criminal history

category. The two circuits deciding this question have reached opposite results. In United States v. Morgan, 354 F.3d 621 (7th Cir. 2003), a case very similar to the one at hand, the Seventh Circuit decided that in calculating criminal history points, there should be no distinction between criminal charges initiated by citation and those initiated by arrest. In rejecting the defendant's argument that a citation issued for driving without a license should not count as an arrest in applying U.S.S.G. § 4A1.2, the court concluded that "a traffic stop is an 'arrest' in federal parlance." Id. at 623-24. In the view of the court, it was not necessary for the defendant to have been taken to jail for the stop to count as a separate offense. Id.

The Ninth Circuit disagreed with Morgan in United States v. Leal-Felix, 665 F.3d 1037 (9th Cir. 2011). Relying substantially on Fourth and Fifth Amendment precedent, the court found that a citation for driving with a suspended license did not constitute an arrest for purposes of determining a defendant's criminal history category. In doing so, the court observed that the defendant had not been "told he was 'under arrest,' he was not transported to the police station, and he was not booked into jail." Id. at 1044. "Absent one of these hallmarks of a formal arrest," the court determined that it was error to find that a defendant had been arrested for purposes of totaling his criminal history points. Id.

Judge Rawlinson dissented, disagreeing with the majority's application of Supreme Court authority in defining "arrest" to exclude traffic citations. In his view, something less than a formal arrest, including a traffic stop, meets the definition of arrest contemplated by U.S.S.G. § 4A1.2. Judge Rawlinson also pointed out that treating offenses charged by

citation as non-events, "seriously undermines the recidivism consideration of the guidelines and understates the criminal history of repeat offenders." Id. at 1048. I agree.

The facts of this case differ slightly from those in Morgan and Leal-Felix, both of which dealt only with whether citations for driving license violations should be included in the criminal history score. This case involves not only a Driving with Suspended License citation, but also with an Unlawful Possession of Controlled Substance violation for which a citation was issued. The former charge is at least a second degree misdemeanor under Florida law, punishable by sixty days incarceration, while the controlled substance offense is a first degree misdemeanor with a maximum sentence of one year incarceration. Although it is common for driving offenses to be charged by way of citation, it is very rare for a drug-related charges to be initiated in this manner. In fact, this case is the first time the Court has been made aware of this practice–one that apparently is within the discretion of Daytona Beach police officers..

I agree with the reasoning of the Seventh Circuit in Morgan and with Judge Rawlinson in Leal-Felix. Additionally, I would add that not scoring offenses initiated by citation is an affront to the credibility of the Guidelines to the extent they were enacted to encourage imposition of similar sentences for similarly situated defendants. It makes little sense that the conviction of a defendant in Daytona Beach should not be counted because an officer decided to issue a citation, while a defendant convicted of the same offense who was arrested in Cocoa Beach would have points scored for that conviction because the officer arrested the defendant instead of issuing a citation. Under such a scheme, whether offenses result in points added to a defendant's criminal history category might turn not just on the

policies of various municipal police departments but also perhaps on the whim of the officer who apprehends the defendant.

The practice of ignoring convictions that result from the issuance of citations while counting those initiated by arrest fails to serve the policy of pursuing reasonable uniformity in sentences imposed for similar criminal offenses committed by similar offenders. The purpose of U.S.S.G. § 4A1.2(a)(2) is to distinguish related offenses—those that "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing"—which are considered as a single offense when calculating a defendant's criminal history points, from separate criminal acts, which are considered separately. See U.S.S.G. § 4A1.2(a)(2), Application Note 3. Sustaining Mr. Johnson's objection would usurp this purpose.

B.

A convicted felon in possession of a firearm will be considered an Armed Career Criminal ("ACC") subject to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Mr. Johnson argues that two of the three convictions relied upon by the Probation Office in determining that he is an ACC were not qualifying offenses under § 924(e)(1) because they were not violent felonies or serious drug offenses.[1] The Government agrees with the Probation Officer's recommendation.

---

[1] Mr. Johnson does not object to his September 16, 1998 conviction for Sale/Delivery of Cocaine as a qualifying offense under § 924(e)(1).

Mr. Johnson first argues that his offense of Aggravated Assault on a Police Officer does not constitute a violent felony. For purposes of determining whether a defendant qualifies as an ACC, Congress defines a "violent felony" as a crime "punishable by imprisonment for a term exceeding one year" that also:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). "Physical Force" as used in subparagraph (i) means violent force—that is, "force capable of causing physical pain or injury to another person." Johnson v. United States, 130 S. Ct. 1265, 1271 (2010).

The parties agree that the first step in determining whether a prior conviction is a qualifying offense for ACC designation involves a categorical analysis. In this instance that analysis is to determine whether defendant has indeed been convicted of a prior offense and whether the elements of that prior offense constitute the statutory definition of "violent felony." If the categorical approach results in a conclusion that the prior conviction was for a violent felony, the prior offense is considered qualifying under § 924(e)(1). If, on the other hand, the categorical approach results in ambiguity as to whether the prior offense in question is a violent felony because the definition of that crime is broader than the federal definition of "violent felony," the court must then engage in a "modified categorical approach." United States v. Pantle, 637 F.3d 1172, 1175 (11th Cir. 2011). The modified categorical

approach allows the district court to consider the "narrow universe of 'Shepard[2] documents' that includes any charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id. (quotation omitted). Having considered these additional documents, the court would decide whether the defendant's conduct constituted a violent felony.

In this case the categorical approach begins with an examination of Florida's statutes defining Aggravated Assault. Section 784.021, Florida Statutes, provides:

> (1) An "aggravated assault" is an assault:
>
>> (a) With a deadly weapon without intent to kill; or
>> (b) With an intent to commit a felony.

Assault, an element of Aggravated Assault, is in turn defined by section 784.011, Florida Statutes, which provides:

> (1) An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

Section 784.07(2)(c), Florida Statutes, simply provides for an enhanced sentence if the victim of an Aggravated Assault is a police officer but otherwise does not vary or relax the statutory definition of the offense.

Florida's definition of Aggravated Battery on a Law Enforcement Officer is consistent with the § 924(e)(2)(B) definition of a "violent felony." By its elements, section 784.021 satisfies the requirement of a "threatened use of physical force against the person of

---

[2]Shepard v. United States, 544 U.S. 12 (2005).

another." 18 U.S.C. § 924(e)(2)(B). This being the case, Mr. Johnson's conviction of Aggravated Assault on a Police Officer is violent felony and therefore qualifying offense for purpose of determining Mr. Johnson's status as an ACC pursuant to § 924(e)(1).

Accordingly, Mr. Johnson's objection to the Court considering this prior offense must be overruled; it is unnecessary to proceed with a modified categorical analysis.

C.

Finally, Mr. Johnson objects to his 2004 state conviction of Principal in Sale/Delivery of Cocaine within 1000 Feet of a Church in violation of section 893.13(1)(e), Florida Statutes, being considered a "serious drug offense" in classifying him an ACC. Section 893.13(1)(e) makes it "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance not authorized by law in, on, or within 1000 feet of [a church]."

As explained in § 924(e)(2)(A)(ii), what constitutes a "serious drug offense" is determined by the nature of the act and the maximum possible sentence. The statute provides:

> an offense under State law, *involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law.

Id. (emphasis added). The net cast by this statute is exceedingly wide. It is not necessary that a defendant be convicted of "manufacturing, distributing or possessing with intent to" do so; it is only required that the state offense *involve* such an offense.

Mr. Johnson concedes that the offense of Sale/Delivery of Cocaine within 1000 feet of a Church is an ACC qualifying offense because it is a first degree felony with a maximum sentence of 30 years in prison, so there is no controversy as to the requirement of a maximum sentence in excess of 10 years. With regard to the nature of the criminal conduct, it is obvious that violation of section 893.13(1)(e) constitutes a drug offense. Mr. Johnson, however, contends that because he was convicted as a principal, it is not clear that his offense *involved* "manufacturing, distributing, or possessing with intent to manufacture or distribute" as required by § 924(e)(1).

Taking the categorical approach in answering this question, it is necessary to examine what it means to be a "principal." In defining "principal" section 777.011, Florida Statutes, states:

> Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.

In other words, it is not necessary to be "present at the commission" of an offense. The definition of "principal" includes those who commit an offense, as well as anyone who "aids, abets, counsels, hires, or otherwise procures" such an offense. As a principal, Mr. Johnson was involved, at a minimum, in the "selling" or "delivery" of cocaine, prohibited acts under section 893.13.

Mr. Johnson's argument as to why this conviction does not qualify for ACC status is not entirely clear. He may be making a distinction between the conduct of "selling" and

-9-

"delivering" as opposed to "distribution" because § 924(e)(1) proscribes distribution but does not specifically use the words "selling" or "delivery." This argument is hollow. To begin with, in federal parlance, the term "'distribute' means to deliver . . . a controlled substance or listed chemical." 21 U.S.C. § 802(11). Furthermore, the term "sell," as it is used in Chapter 817, Florida Statutes, "means the actual transfer or delivery of something to another person in exchange for money or something of value." § 817.563, Fla. Stat. The meaning of "sell" therefore includes "delivery."[3]

There is no ambiguity as to whether the conviction as a principal of section 893.13(1)(e) qualifies as a serious drug offense for purpose determining whether Mr. Johnson is an armed career criminal. The conviction does qualify, and Mr. Johnson's objection is overruled.

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. Mr. Johnson's sentences imposed on June 26, 2000 constitute separate criminal acts for purposes of calculating his criminal history points;

2. Mr. Johnson's following state court convictions are violent felonies or serious drug offenses as contemplated by 18 U.S.C. § 924(e)(1):

    A. Sale/Delivery of Cocaine, section 893.13, Florida Statutes, Volusia County (Florida) Circuit Court, Case No. 96-35422, arrested September 24, 1996, convicted and sentenced June 24, 1997;

---

[3] "The terms 'deliver' or 'delivery' mean the actual, constructive, or attempted *transfer* of a controlled substance." 21 U.S.C. § 802(8) (emphasis added). Thus, the fact that Florida's definition of "sell" includes the term "transfer" is of no consequence in this analysis.

B. Aggravated Assault on a Police Officer, Volusia County (Florida) Circuit Court, Case No. 03-35686, section 784.07(2)(c), arrested November 2, 2003, convicted and sentenced June 30, 2004;

C. Principal in Sale/Delivery of Cocaine within 1000 Feet of a Church, section 893.13(1)(e), Florida Statutes, Volusia County (Florida) Circuit Court, Case No. 03-35760, arrested November 6, 2003, convicted and sentenced June 30, 2004;

3. Mr. Johnson is an Armed Career Criminal as defined in 18 U.S.C. § 924(e)(1).

**DONE** and **ORDERED** in Orlando, Florida on this 31st day of May, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Franklin Johnson